## Archie D. BAKER, Plaintiff–Appellant,

### v.

## Sharon WELLS; Janet Dodson; Dennis Straub; Jane Doe; John Doe, Defendants–Appellees.

### No. 01–2532.

United States Court of Appeals, Sixth Circuit.

May 7, 2002.

Before GUY and BATCHELDER, Circuit Judges; WALTER, District Judge.*

### ORDER

Archie D. Baker, a Michigan state prisoner, appeals pro se the summary judgment for defendants in a civil rights action

---

* The Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Baker filed a complaint against a number of prison employees, alleging retaliation for the exercise of his First Amendment rights and interference with his access to the courts by opening his legal mail outside his presence on several occasions and twice failing to forward filing fees to the state courts. Because the complaint did not expressly request monetary damages, the district court initially granted summary judgment to all but one of the named defendants on the ground that the claims were moot because Baker had been transferred, in spite of Baker's motion to amend the complaint to specifically request monetary relief. The remaining defendant was granted judgment on the merits. On appeal, this court vacated and remanded in part, concluding that Baker should have been permitted to amend his complaint to request monetary relief.

On remand, Baker filed an amended complaint requesting monetary damages, and adding a claim that he had been denied access to the courts by the confiscation of his word processor. The matter was referred to a magistrate judge, who recommended that summary judgment be granted in favor of defendants on the merits. Over Baker's objections, the district court adopted this recommendation. Baker reasserts his claims on appeal.

Upon careful review, we conclude that the summary judgment for defendants must be affirmed, as the record shows that there is no genuine issue of material fact and they are entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Baker alleged that defendant Wells had retaliated against him for exercising his First Amendment right to give a deposition in a class action concerning prison conditions. This retaliation allegedly took the form of a disciplinary charge filed by a guard "friendly" with Wells, stating that Baker was two minutes late returning from his meal. The disciplinary hearing officer rejected Baker's explanation that he believed he had forty minutes rather than thirty to return from his meal, although he had been living in the same unit for over a year, because he had always returned early before. Baker was given one day of top lock on the guilty finding. Further retaliation was alleged to have taken the form of putting a "SPON" (special offender notice) in Baker's file which effectively prevented him from being housed at the same institution where Wells was working.

In order to state a claim of retaliation, Baker was required to show that he engaged in protected conduct, an adverse action was taken which would deter a person of ordinary firmness from continuing the conduct, and a causal connection existed between the conduct and the adverse action. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). The record fails to establish such a claim. Baker's placement on one day of top lock and his separation from Wells were not so adverse as to deter Baker from his litigation activities. Moreover, the record fails to support any causal connection between his deposition testimony and the alleged retaliation. Baker only alleges that the guard who charged him with a misconduct was friendly with Wells, and there was a rational basis for the hearing officer's decision. It also appears from the record that the reason for the SPON was a threatening letter Baker wrote to Wells. He does not deny writing this letter, but only ar-

gues that it was misconstrued. No connection between his deposition testimony and the SPON has been shown. Therefore, Wells was entitled to summary judgment on the claim of retaliation.

Baker's remaining claims assert denial of access to the courts. First, he alleges that his legal mail from a Prison Legal Services attorney and the courts was opened before delivery on five occasions. The record shows that legal mail was inspected in Baker's presence numerous times other than these isolated incidents. One of the samples of opened mail from a court is an envelope which does not have Baker's name in the address, and apparently had to be opened to discern to whom it should be delivered. Baker further alleges that on two occasions, defendants failed to forward filing fees to the state courts. These two occasions involved his appeal of the disciplinary hearing and the SPON placement discussed above. On one occasion, it appears that there was a dispute over whether Baker had sufficient funds in his account to cover the filing fees, perhaps due to an accounting error. Finally, Baker alleges that the confiscation of his word processor denies him access to the courts. The record shows that Baker was required to send the word processor out of the institution because he had excessive amounts of legal property in his cell.

In order to state a claim of denial of access to the courts, it must be shown that prejudice resulted to a non-frivolous claim, such as a direct appeal from a conviction or a challenge to a condition of confinement which violates fundamental constitutional rights. *Lewis v. Casey*, 518 U.S. 343, 350–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Baker failed to make such a showing. He did not allege how the opening of his mail outside his presence prejudiced any legal proceeding. Although the prison failed to forward filing fees to the state courts on two occasions, these in-

volved his appeal of his placement in top lock for one day and the placement of a SPON in his file to separate him from a prison employee who felt threatened by Baker. These proceedings do not rise to the standard of a challenge to violations of fundamental constitutional rights. Finally, Baker utterly failed to show how the loss of his word processor had prejudiced any legal action.

In order to defeat the summary judgment for defendants, Baker was required to present affirmative evidence which would allow a jury to return a verdict in his favor. *Anderson*, 477 U.S. at 248–49, 106 S.Ct. 2505. Because Baker failed to submit evidence essential to his claims of retaliation and denial of access to the courts, the summary judgment for defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.